

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| MICHELLE S. ROBINSON,<br>          Plaintiff, | §<br>§<br>§ |
| vs. | § CIVIL ACTION NO. 6:14-398-MGL-KFM<br>§ |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br>          Defendant. | §<br>§<br>§<br>§ |

ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND AFFIRMING DEFENDANT'S FINAL DECISION DENYING BENEFITS

This is a Social Security appeal in which Plaintiff seeks judicial review of the final decision of Defendant denying her claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court that Defendant's final decision denying Plaintiff's claim for DIB and SSI be affirmed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on June 2, 2015, Plaintiff her Objections on June 19, 2015, and Defendant filed her Response to Plaintiff's objections on July 2, 2015.  The Court has reviewed Plaintiff's objections, but finds them to be without merit.  Therefore, it will enter judgment accordingly.

This case has somewhat of a tortured procedural history.  Plaintiff filed her application for DBI on July 1, 2005, and her application for SSI on June 24, 2005, asserting that her disability commenced on February 1, 2005.  Her applications were denied initially and upon reconsideration.  Plaintiff requested a hearing, which the ALJ conducted on November 27, 2007.  On January 14, 2008, the ALJ issued a decision finding that Plaintiff was not disabled under the Act.  The Appeals Council denied Plaintiff's request for review of the ALJ's decision.  Accordingly, the ALJ's decision became Defendant's final decision for purposes of judicial review.  Plaintiff then filed suit in federal district court.

In September 2009, the district court remanded the case to Defendant for further consideration of Plaintiff's visual impairment, her IQ scores, and the combined effects of her impairments.  The Appeals Council then vacated Defendant's final decision and remanded the case to the ALJ for further consideration.

Plaintiff's second hearing was held in August 2010 by the same ALJ as before.  On October 29, 2010, the ALJ again found that Plaintiff was not disabled under the Act.  Plaintiff filed her second suit on this matter with the district court, which remanded the case to Defendant again, this time for further consideration of the combined effects of Plaintiff's impairments and Listing 12.05(C).

Plaintiff was granted a third hearing before a different ALJ, who again held that Plaintiff was not disabled under the Act.  Plaintiff then filed suit with this Court.

The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b). Thus, the Court will address each specific objection to the Report in turn. As provided above, however, the Court need not–and will not–address any of Plaintiff's arguments that fail to point the Court to alleged specific errors that the Magistrate Judge made in the Report.

It is Plaintiff's duty to both produce evidence and prove that she is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). And, it is the duty of the ALJ, not this Court, to make findings of fact and to resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Under the substantial evidence standard, however, we must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d , 1249, 1250 (8th Cir. 1987).

"Additionally, the substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite

decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted).

As noted above, at step three of the ALJ's evaluation as to whether Plaintiff is disabled, the ALJ must determine if one of her impairments meets or equals an impairment set forth in the Listings. As is relevant here, Listing 12.05(c) states the following:

> 12.05 Intellectual Disability:[*] Intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> \*\*\*\*\*
>
> B. A valid verbal, performance, or full scale IQ of 59 or less.
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work related limitation of function. . . .

20 C.F.R. Pt. 404, Subpart P, App. 1, Listing 12.05.

First, Plaintiff maintains that Magistrate Judge erred in suggesting that the ALJ was correct in finding that Plaintiff "did not suffer from deficits in adaptive functioning before age 22[.]" Objections 1. According to Plaintiff, "[t]he Magistrate mistakenly takes the positively functioning parts of [Plaintiff's] personal history as evidence that she suffered from no deficit in adaptive functioning. This demonstrates a fundamental misunderstanding of the law[,] which governs Listing 12.05(C) and the definition of its elements." *Id*. at 2. The Court is unpersuaded.

---

[*] As of September 3, 2013, the Social Security Administration replaced the term "Mental Retardation" with "Intellectual Disability" in Listing 12.05. *See* Change in Terminology: "Mental Retardation" to "Intellectual Disability," 78 Fed. Reg. 46499-01 (Aug. 1, 2013). The substance of Listing 12.05, however, has not changed.

4

For Plaintiff to satisfy the requirements of Listing 12.05, the ALJ must find that Plaintiff is able to satisfy the introductory paragraph of Listing 12.05. *See Hancock v. Astrue*, 667 F.3d 470, 473 (4th Cir. 2012). As is applicable here, the ALJ must find that Plaintiff has "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested" before the age of 22. *Id*. Listing 12.05 mandates that a plaintiff establish one of four additional requirements. For purposes of this case, only Requirement B and C are at issue.

Requirement B mandates "[a] valid verbal, performance, or full scale IQ of 59 or less" as "Prong 2." 20 C.F.R. pt. 404, subpt. P, app1 § 12.05(B); and, requirement C demands "[a] valid verbal, performance, or full scale IQ of 60 through 70" as "Prong 2," as well as a "physical or mental impairment imposing an additional and significant work-related limitation of function," identified as "Prong 3." *Hancock*, 667 F.3d at 473.

"Deficits in adaptive functioning can include limitations in areas such as communication, self-care, home living, social/interpersonal skills, use of community resources, self-direction, functional academic skills, work, leisure, health, and safety." *Jackson v. Astrue*, 467 F. App'x 214, 218 (4th Cir. 2012). As noted by the Magistrate Judge, "the ALJ concluded that the evidence as a whole reveals that the plaintiff had no deficits in adaptive functioning that manifested prior to age 22 based on her academic record, work history, activities of daily living, mental health treatment records, and her level of participation and comprehension at the hearing. Report 20 (citation omitted).

Although, as Plaintiff notes, there is evidence to the contrary, there is substantial evidence in the record to support the ALJ's decision that Plaintiff is unable to satisfy the requirements of the introductory paragraph of Listing 12.05. And, inasmuch as it is for the ALJ, not this Court, to make findings of fact and to resolve conflicts in the evidence, the Court declines Plaintiff's invitation to reconsider and reweigh the evidence. *See Hays*, 907 F.2d at 1456. Consequently, because

substantial evidence supports the ALJ's decision that Plaintiff is unable to satisfy the requirements of the introductory paragraph of Listing 12.05, and the decision is free from legal error, the Court will overrule this objection.

Second, Plaintiff argues that "[t]he Magistrate's finding that the ALJ properly considered [Plaintiff's] work history is similarly erroneous." Objections 6. The Court disagrees.

To the extent that Plaintiff is arguing that consideration of a plaintiff's work history is disallowed, "Plaintiff's argument is contrary to well-established Fourth Circuit precedent." *Sims v. Colvin*, Civil Action No. 0:14-1663-MGL-PJG, 2015 WL 5525096 (D.S.C. Sept. 17, 2015). The Fourth Circuit, while affirming Defendant's denial of disability benefits, has previously stated that, "[i]n finding no deficits in adaptive functioning generally, the ALJ concluded that the [plaintiff] has worked several jobs and performed a variety of tasks which would be expected to be beyond the capacity of a mentally retarded person. With regard to past jobs, the ALJ found that [the plaintiff] previously worked as a battery assembler and a drop clipper." *Hancock*, 667 F.3d at 475-76 (citation omitted) (quotation marks omitted). So, counter to Plaintiff's argument that "[t]he Magistrate's finding that the ALJ properly considered [Plaintiff's] work history is . . . erroneous[,]" Objections 6, "Hancock demonstrates that the Fourth Circuit indeed approves of the ALJ's consideration of a claimant's work history," *Sims v. Colvin*, 2015 WL 5525096, at *3.

Further, as the Magistrate Judge observed, Plaintiff "had a successful work history as a housekeeper, earning substantial gainful activity at times. Notably, [Plaintiff] stopped working, not due to any cognitive deficit, but due to the birth of her son." Report 20-21 (citations omitted). Hence, because there is substantial evidence to support the ALJ's findings as to Plaintiff's work history, and the ALJ's decision is without legal error, the Court will overrule this objection, as well.

Third, Plaintiff contends that the Magistrate Judge's "dismissal of [Plaintiff's] arguments as a refusal to reweigh the evidence fails to comply with the requirements of review under the

6

substantial evidence standard." Objections 8 (internal quotation marks omitted). The Court is unconvinced.

Except to lecture the Court on the applicable law as to the Court's function in reviewing the ALJ's decision, this objection contains no specifics as to Plaintiff's case and is neither helpful nor necessary. Therefore, the Court will overrule this objection, too.

Fourth and finally, Plaintiff complains that the Magistrate Judge "erred in accepting the ALJ's rejection of [Plaintiff's] tested IQ scores." Objections 8. This argument is without merit.

Here, Plaintiff merely reargues her position on this issue, which the Magistrate Judge has already considered and rejected in his comprehensive and well-reasoned Report. Because the Court agrees with the Magistrate Judge, it need not spill much more ink discussing the issue here. Suffice it to say

> that substantial evidence supports the ALJ's decision to discredit [Plaintiff's] September 2005 IQ scores and his finding that [Plaintiff] did not establish Prong 2 of Listing 12.05. *See Hancock*, 667 F.3d at 474-75 (finding that "evidence considered by the ALJ provides sufficient support for the ALJ's rejection of the IQ scores") (citing *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir.1992) ("[A] valid I.Q. score need not be conclusive of mental retardation where the I.Q. score is inconsistent with other evidence in the record of the claimant's daily activities and behavior.")). Notably, [P]laintiff "can prevail only if she establishes that the ALJ erred in his analysis of Prong 1 and Prong 2. Therefore, even if the ALJ's finding concerning Prong 2 of Listing 12.05C did not rest on substantial evidence, we would still be required to affirm the ALJ's decision if his finding with regard to Prong 1 was based on substantial evidence." *Hancock*, 667 F.3d at 475.

Report 24. Accordingly, finding no legal error, the Court also overrules this objection.

The Court has considered Plaintiff's remaining objections, but finds them meritless. Therefore, it will also overrule those objections, too.

In sum, the Court holds that there is substantial evidence to support the ALJ's conclusion that Plaintiff was not disabled under the Act during the relevant time period and that the ALJ's decision is free from reversible legal error. Further, the determination is reasonable.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court that Defendant's final decision denying Plaintiff's claims for DIB and SSI is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 29th day of September, 2015, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
